UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LEON TRADING SA,

                                    Petitioner,

-v-

M.Y. SHIPPING PRIVATE LTD and
VARDHMAN SHIPPING APS,

                                  Respondents.
------------------------------------------------------------x

10 CIV 0129 (PGG)

**VERIFIED PETITION TO RECOGNIZE, CONFIRM, AND ENFORCE FOREIGN ARBITRAL AWARD**

      Petitioner, LEON TRADING SA, (hereinafter "LEON TRADING") by and through its undersigned attorneys, CHALOS & CO, P.C., as and for its Verified Petition to Recognize, Confirm and Enforce a Foreign Arbitral Award rendered in favor of LEON TRADING and against Respondents M.Y. SHIPPING PRIVATE LTD (hereinafter "M.Y. SHIPPING") and VARDHMAN SHIPPING APS (hereinafter "VARDHMAN") alleges upon information and belief as follows:

## JURISDICTION

      1.     Jurisdiction is conferred under this Court's Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331, as the action arises under the enacting legislation for the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (hereinafter "the New York Convention"), codified at 9 U.S.C.§ 201 *et seq.* and the Federal Arbitration Act, codified at 9 U.S.C. § 1 *et seq.*

      2.     In addition, this action is subject to this Court's admiralty jurisdiction, pursuant to 28 U.S.C. § 1333 and Fed. R. Civ. Proc. 9(h) because the underlying dispute is maritime in nature and concerns a breach of a maritime contract.

## THE PARTIES

3. At all times material hereto, Petitioner LEON TRADING, was and still is a foreign business entity, organized and existing pursuant to the laws of Liberia.

4. At all times material hereto, Respondent M.Y. SHIPPING was and still is a foreign business entity with a principal place of business in Mumbai, India.

5. On or about January 23, 2009, M.Y. SHIPPING registered to conduct business in New York with the New York Department of State and appointed a registered agent in the Southern District of New York, Michael E. Unger, Freehill Hogan & Mahar, LLP, 80 Pine Street, New York, New York, 10005. In so doing, M.Y. SHIPPING voluntarily submitted itself to the personal jurisdiction of the courts of New York. A copy of the Department of State Registration for M.Y. SHIPPING is annexed as Exhibit 1 to the accompanying George M. Chalos Declaration (hereinafter "Chalos Declaration") in support of LEON TRADING's Petition herein.

6. At all times material hereto, Respondent VARDHMAN was and still is a foreign business entity with a principal place of business in Denmark

7. On or about February 3, 2009, VARDHMAN registered to conduct business in New York with the New York Department of State and appointed a registered agent in the Southern District of New York, Michael E. Unger, Freehill Hogan & Mahar, LLP, 80 Pine Street, New York, New York, 10005. In so doing, VARDHMAN voluntarily submitted itself to the personal jurisdiction of the courts of New York. A copy of the Department of State Registration for VARDHMAN is annexed as Exhibit 2 to the Chalos Declaration.

## VENUE

8. Venue is proper in this District pursuant to 9 U.S.C. § 204, in that, save for the arbitration agreement; an action or proceeding with respect to the controversy between the parties could have been brought in this District.

9. Moreover, to the extent the Court asserts admiralty jurisdiction over this matter, venue is proper in accordance with Fed. R. Civ. Proc. 82.

10. Furthermore, Respondents M.Y. SHIPPING and VARDHMAN are both "found" within this District as the Respondents have registered with the New York Department of State, Division of Corporations, and have designated an agent for process within the Southern District of New York. Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b)(3).

## FACTS AND CLAIM

11. On or about September 22, 2008, Petitioner LEON TRADING as owners of the M/T M.Y. ADRIATIC and Respondent M.Y. SHIPPING as charterers entered into an amended "SHELLTIME 4" charter party agreement for the use of the Vessel. A copy of the charter party agreement is annexed as Exhibit 3 to the Chalos Declaration.

12. This charter party agreement is a maritime contract.

13. On or about October 16, 2008, the parties reached a side agreement, duly signed and executed by representatives of the owners and charterers which incorporated the September 22, 2008 charter party agreement and stated in relevant part that, "Vardhman Shipping APS Denmark to be responsible for the due fulfilment and execution of the charter party and all charterers obligations accordingly." A copy of the October 16, 2008 "Side Letter" is annexed as Exhibit 4 to the Chalos Declaration.

14. The parties' arbitration agreement is contained in Clause 73 of the charter party agreement, which provided that the agreement is governed by English law; and that disputes between the parties will be referred to arbitration in London (Arbitration Act of 1996) and conducted in accordance with terms of the London Maritime Arbitration Association ("LMAA").

Clause 73 states:

Dispute Resolution Clause
English Law, London Arbitration

(a) This Contract shall be governed by and construed in accordance with English law and any dispute arising out of or in connection with this Contract shall be referred to arbitration in London in accordance with the Arbitration Act 1996 or any statutory modification or re-enactment thereof save to the extent necessary to give effect to the provisions of this Clause.

The arbitration shall be conducted in accordance with the London Maritime Arbitrators Association (LMAA) Terms current at the time when the arbitration proceedings are commenced.

The reference shall be to three arbitrators. A party wishing to refer a dispute to arbitration shall appoint its arbitrator and send notice of such appointment in writing to the other party requiring the other party to appoint its own arbitrator within 14 calendar days of that notice and stating that it will appoint its arbitrator as sole arbitrator unless the other party appoints its own arbitrator and gives notice that it has done so within the 14 days specified. If the other party does not appoint its own arbitrator and give notice that it has done so within the 14 days specified, the party referring a dispute to arbitration may, without the requirement of any further prior notice to the other party appoint its arbitrator as sole arbitrator and shall advise the other party accordingly. The award of a sole arbitrator shall be binding on both parties as if he had been appointed by agreement.

Nothing herein shall prevent the parties agreeing in writing to vary these provisions to provide for the appointment of a sole arbitrator.

In cases where neither the claim nor any counterclaim exceeds the sum of USD 50,000 (or such other sum as the parties may agree) the arbitration shall be conducted in accordance with the LMAA Small Claims Procedure current at the time when the arbitration proceedings are commenced.

15. During the course of the performance of the charter party agreement, disputes arose between the parties, regarding the Respondents' various breaches, including, *inter alia*, failure to pay hire, bunker costs at Santos, Brazil, and the costs incurred to obtain the release of the vessel from arrest at New Orleans, Louisiana (due to previously unpaid disbursements). The amount claimed by Petitioner for the Respondents' breaches of the charter party agreement totaled US $1,631,833.82 (inclusive of applicable interest through August 14, 2009).

16. On April 24, 2009, the Petitioner duly appointed Mr. Timothy Rayment of 47 Castelnau, London, SW13 9RT, United Kingdom, as arbitrator. On the same day, LEON TRADING called upon the Respondents to appoint an arbitrator of their choice within fourteen (14) days as provided for by Clause 73 of the charter party agreement.

17. Despite due and proper notice by the Petitioner of the appointment of an arbitrator, Respondents M.Y. SHIPPING and VARDHMAN, refused, neglected, and/or otherwise failed to respond and/or appoint an arbitrator.

18. In accordance with Clause 73 of the charter party agreement, the applicable rules of the LMAA, and governing English Law, Mr. Rayment accepted appointment as sole arbitrator on May 27, 2009.

19. Claim submissions were served by LEON TRADING on August 19, 2009, seeking damages of US $1,631,833.82 (as set forth in paragraph 15 above) and applicable costs.

20. The Respondents refused, neglected, and/or otherwise failed to respond to the Claim Submissions. Accordingly, on September 14, 2009, the sole arbitrator issued a final notice and invitation to the Respondents to comment on LEON TRADING's application by

September 21, 2009. The sole arbitrator further instructed that the arbitration would proceed without charterers' comments if M.Y. SHIPPING and VARDHMAN failed to respond.

21. Respondents refused, neglected, and/or otherwise failed to respond to the sole arbitrator or to participate in the arbitration.

22. On September 22, 2009, the sole arbitrator issued the First Final Arbitration Award in favor of Petitioner LEON TRADING. A true copy of the First Final Arbitration Award is annexed as Exhibit 5 to the Chalos Declaration.

23. The First Final Arbitration Award provides under its terms that Respondents are ordered to pay damages and costs as follows:

(a) principal damages in the amount of US $1,631,833.82;

(b) interest on the said amount at the rate of 4% per annum compounded at three monthly rests from 15 August 2009, until the date of payment;

(c) LEON TRADING's legal costs, to be determined by the sole arbitrator if not agreed between the parties;

(d) recoverable arbitrator's cost for the Award: £ 2,840 (US $ 4,540.20[1]), and provided that if LEON TRADING had borne any part of the costs of the First Final Arbitration Award, it is entitled to an immediate refund from the charterers of the sum paid along with interest thereon at the rate of 4% per annum compounded at three monthly rests from the date of payment until the date of repayment in full by the charterers to owners.

*See* Exhibit 5 at pages 11 and 12 of the award.

24. The sole arbitrator issued the First Final Award as to the matters determined therein and reserved the power to make a further award (or awards) as may be appropriate in respect of any outstanding differences between the parties.

25. LEON TRADING has demanded from M.Y. SHIPPING and VARDHMAN that the Respondents promptly remit the amounts due under the First Final Award.

---

[1] £1.00 = US $1.598 as accessed at www.xe.com on January 5, 2010.

Respondents, in bad faith, have refused, neglected, and/or otherwise failed to make any payment against the award.

26. The First Final Arbitration Award is final and enforceable. In accordance with applicable English law, the time within which Respondents could have appealed the First Final Arbitration Award has now run.

27. Both England and the United States are parties to the New York Convention, which states that a court sitting in any nation that is a party to the New York Convention must recognize and enforce a foreign arbitral award, where certified copies of both the agreement to arbitrate and the arbitral award are presented to the court, so long as the application for such is timely made and none of the delineated exceptions for non-recognition are present.

28. This application to recognize and confirm the arbitral award is brought within four (4) months from the day the sole arbitrator issued same and, accordingly, the application for its confirmation is timely in accordance with 9 U.S.C. § 207.

29. Respondents cannot in good faith raise any of the delineated reasons under the New York Convention, Article V, for non-recognition of the First Final Arbitration Award.

WHEREFORE, Petitioner LEON TRADING prays:

A. That process in due form of law issue against the Respondents M.Y. SHIPPING and VARDHMAN, citing Respondents to appear and answer under oath all, and singular, the matters alleged in the Verified Petition;

B. That its foregoing Petition to Recognize, Confirm and Enforce the Foreign Arbitration Award be granted and the First Final Arbitration Award be recognized, confirmed, and made into a Judgment of this Court, to be entered in favor of Petitioner LEON TRADING SA, and against Respondents M.Y. SHIPPING PRIVATE LTD and VARDHMAN

SHIPPING APS and that this Court also adjudge Respondents liable to Petitioner for interest on the Award and Judgment;

  C. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing the Judgment, and/or any further judgments which may be obtained;

  D. That this Court grant Petitioner its costs and expenses, including reasonable attorneys fees, in pursuing Judgment and Enforcement; and

  E. That Petitioner may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
   January 7, 2010

            CHALOS & CO, P.C.
            Attorneys for Petitioner
            LEON TRADING SA

         By: _____
            George M. Chalos (GC-8693)
            Briton P. Sparkman (BS-5220)
            123 South Street
            Oyster Bay, New York 11771
            Tel: (516) 714-4300
            Fax: (516) 750-9051

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
LEON TRADING SA,

                           Petitioner,                        10 CIV

-v-

M.Y. SHIPPING PRIVATE LTD                        VERIFICATION OF
and VARDHMAN SHIPPING APS,                    VERIFIED PETITION TO
                                                                           RECOGNIZE, CONFIRM,
                          Respondents.                AND ENFORCE FOREIGN
                                                                       **ARBITRAL AWARD**
----------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.      I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Petitioner, LEON TRADING SA herein;

       2.      I have read the foregoing Verified Petition and know the contents thereof; and

       3.      I believe the matters to be true based on documents and information obtained from employees and representatives of the Petitioner through its agents, underwriters and attorneys.

       4.      The reason that this verification was made by deponent and not by the Petitioner is because Petitioner is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated:  Oyster Bay, New York
             January 7, 2010

                                                            CHALOS & CO, P.C.
                                                            Attorneys for Petitioner
                                                             LEON TRADING SA

                            By:    _____
                                                         George M. Chalos (GC-8693)
                                                        123 South Street
                                                        Oyster Bay, New York 11771
                                                       Tel: (516) 714-4300
                                                       Fax: (516) 750-9051
                                                       Email: gmc@chaloslaw.com

Chalos & Co. Ref: 2176.001