UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEON TRADING SA,

                Petitioner,

-against-

M.Y. SHIPPING PRIVATE LTD. and
VARDHMAN SHIPPING APS,

                Respondents.

**MEMORANDUM OPINION AND ORDER**

10 Civ. 129 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        On January 7, 2010, Petitioner Leon Trading SA filed a Petition to recognize, confirm and enforce the foreign arbitral award ("the Award") of the London Maritime Arbitrators Association ("LMAA") pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 et seq., and the Federal Arbitration Act, 9 U.S.C. § 1 et seq.[1] (Docket No. 1) Petitioner also requests interest on the Award, costs, expenses and reasonable attorney's fees accrued in pursuing judgment and enforcement. Respondents M.Y. Shipping Private LTD and Vardhman Shipping APS have not opposed the Petition. For the following reasons, the Petition to recognize, confirm and enforce the Award is granted. Petitioner is granted costs and attorney's fees.

---

[1] Petitioner also alleges that this action is subject to the Court's admiralty jurisdiction pursuant to 28 U.S.C. §1333 and Fed R. Civ. P. 9(h).

## BACKGROUND

All parties are foreign business entities registered with the New York Department of State to conduct business in New York. (Chalos Decl., Exs. 1, 2) On or about September 22, 2008, Petitioner and M.Y. Shipping entered into an amended "SHELLTIME 4" charter party agreement for M.Y. Shipping's use of a vessel owned by Petitioner. (Id., Ex. 3) On October 16, 2008, the parties entered into a side agreement, incorporating the September 22, 2008 charter party, and stating that "Vardhman Shipping APS Denmark [is] to be responsible for the due fulfillment and execution of the charter party and all charterer[']s obligations accordingly." (Id., Ex. 4) Clause 73 of the charter party states that disputes between the parties are to be resolved according to English law in arbitration before the LMAA. (See id., Ex. 3)

Disputes arose between the parties involving breaches of the charter party, including Respondents' failure to pay hire when due; failure to pay bunker costs in Santos, Brazil; and failure to pay disbursements leading to costs expended by Petitioner to obtain the release of the vessel from arrest in New Orleans, Louisiana. (Id., Ex. 5 ¶ 13) Petitioner initiated arbitration proceedings against Respondents on April 24, 2009, by appointing Arbitrator Timothy Rayment. According to the terms of the charter party, Respondents were to appoint an arbitrator of their choice within 14 days of Rayment's appointment, as provided by Clause 73, but failed to do so. (Id. ¶ 14) Accordingly, Timothy Rayment was appointed sole arbitrator and proceeded to arbitrate Petitioner's claims. (Id. ¶ 4) Respondents failed to participate in the arbitration in any fashion (Id. ¶ 9), and on September 22, 2009, the LMAA issued the First Final Arbitration Award, awarding Petitioner $1,631,833.82 plus interest from August 14, 2009, through the date of payment and costs, because "the evidence adduced (there being none to the contrary)

overwhelmingly supported their position and the messages from the Charterers to the Owners, such as they were, clearly made no attempt to deny that monies were owing." (Id. ¶¶ 20-22)  The Award remains unpaid.

On January 7, 2010, Petitioner timely filed the instant Petition.[2]  On January 28, 2010, Respondents filed an answer to the Petition.  By letter dated January 27, 2010, Respondents argued that the Court should not grant the Petition because Respondents were never given notice of the arbitration demand or the appointment of Timothy Rayment.  They informed the Court that they were "in the process of filing an application before the Court in England seeking an order to stay enforcement of the award and have the award vacated."  (1/27/10 Letter at 2)  Respondents requested that the Petition be held in abeyance pending the outcome of their application in England or that they be given thirty days to file a Memorandum of Law opposing the Petition.  (Id.).  The Court directed Respondents to file opposition papers by March 4, 2010.  (Docket No. 9)  As of today's date, Respondents have filed no opposition papers.  Accordingly, the Court will treat the Petition as unopposed.

## DISCUSSION

"A petition to confirm an arbitration award rendered in a foreign state is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 53 (the 'Convention'), as implemented by, and reprinted in, the Federal Arbitration Act ('FAA'), 9 U.S.C. §§ 201-08.  Chi Ho Mar. S.A. v. C & Merch. Marine Co., Ltd., 08 Civ. 7997 (WHP), 2010 U.S.

---

[2] Under 9 U.S.C. § 207, a party to an arbitration may apply to an appropriate court for confirmation of an arbitration award within three years of its issue.

Dist. LEXIS 27608, at **3-4 (S.D.N.Y. Mar. 11, 2010) (citing <u>Compagnie Noga D'Importation et d'Exportation S.A. v. Russian Fed'n</u>, 361 F.3d 676, 683 (2d Cir. 2006)). "Under the Convention, [a] district court's role in reviewing a foreign arbitral award is strictly limited" and "the showing required to avoid summary confirmance is high." <u>Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.</u>, 126 F.3d 15, 19, 23 (2d Cir. 1997)); <u>see also</u> <u>Noga</u>, 361 F.3d at 683 (quoting <u>Fotochrome, Inc. v. Copal Co.</u>, 517 F.2d 512. 516 (2d Cir. 1975)) ("'[T]he public policy in favor of international arbitration is strong.'"). "[T]he FAA provides that, upon the application of a party to an arbitration award made pursuant to the Convention, a district court shall enter 'an order confirming the award as against any other party to the arbitration,' unless the court 'finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the . . . Convention.'" <u>Noga</u>, 361 F.3d at 683 (citing 9 U.S.C. § 207).

"Arbitration awards are not self-enforcing, [but] they must be given force and effect by being converted to judicial orders by courts; these orders can confirm and/or vacate the award, either in whole or in part." <u>D.H. Blair & Co. v. Gottdiener</u>, 462 F.3d 95, 104 (2d Cir. 2006) (internal quotation marks omitted). Where the respondent fails to file any opposition, a petition to confirm an arbitration award is "treated as akin to [an unopposed] motion for summary judgment." <u>Id.</u> at 109-10; <u>Travel Wizard v. Clipper Cruise Lines</u>, No. 06 Civ. 2074 (GEL), 2007 WL 29232, at *2 (S.D.N.Y. Jan. 3, 2007) ("where one party altogether fails to respond to a motion to vacate or confirm an award. . . . district courts should assess the merits of the record rather than entering a default judgment").

After reviewing the record, "confirmation of an arbitration award is [normally] 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" D.H. Blair, 462 F.3d at 110 (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)).  Because, "[t]he Convention . . . 9 U.S.C. §§ 201 et seq., applies to the Final Award. . . . the Court must confirm the Final Award 'unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the . . . Convention,' 9 U.S.C. § 207, namely, grounds for vacating, modifying or correcting the award as provided under 9 U.S.C. §§ 10-11." Mut. Marine Office, Inc. v. Transfercom Ltd., No. 08 Civ. 10367 (PGG), 2009 WL 1025965, at *2 (S.D.N.Y. Apr. 15, 2009) (citing 9 U.S.C. § 208 (providing that the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., will apply in cases governed by the Convention so long as its provisions are not in conflict with the Convention)).  "Under the terms of § 9 [of the Federal Arbitration Act], a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11.  Section 10 lists grounds for vacating an award, while § 11 names those for modifying or correcting one."[3] Hall Street Assocs, L.L.C. v. Mattel, Inc., 128 S. Ct. 1396, 1402 (2008).  Here, Respondents have filed no opposition to the petition to enforce the Award, and accordingly have not offered any ground for vacating, modifying, or correcting it.

---

[3] "Pursuant to Section 10, this Court may vacate an arbitration award where: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing or refusing to hear evidence pertinent to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Interdigital Commc'ns Corp. v. Nokia Corp., 407 F. Supp. 2d 522, 528 (S.D.N.Y. 2005) (citing 9 U.S.C. § 10(a)).

While this Court has independently reviewed the authenticated copy of the Award and a copy of the underlying charter party and is satisfied that the arbitrator's determination is reasoned, "[t]he arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." D.H. Blair, 462 F.3d at 110 (internal quotation marks omitted). To confirm an arbitration award, only "a barely colorable justification for the outcome reached" is necessary. Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Employees Int'l Union, 954 F.2d 794, 797 (2d Cir. 1992). "It is only when the arbitrator strays from interpretation and application of the agreement and effectively dispense[s] his own brand of industrial justice that his decision may be unenforceable." Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001) (internal quotation marks omitted). This is clearly not the case here.

The charter party at issue requires that disputes arising under it be resolved through arbitration before the LMAA under English law. The LMAA arbitrator was thus explicitly empowered to assess whether there was a breach and, if so, what damages flowed from that breach. The arbitrator reviewed the charter party and proof of breach and damages and found "that the evidence adduced . . . overwhelmingly supported [Petitioner's] position and [that] the messages from the Charterers to the Owners . . . made no attempt to deny that monies were owing." (Chalos Decl., Ex. E ¶ 20)  In the absence of any evidence indicating corruption, fraud or other impropriety on the arbitrator's part, there is no basis for this Court to deny confirmation of the Award.

Petitioner also seeks costs and attorney's fees associated with its efforts to confirm the Award. "Under the prevailing American rule, in a federal action, attorney's

fees cannot be recovered by the successful party in the absence of statutory authority for the award." Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985); Chi Ho Mar. S.A., 2010 U.S. Dist. LEXIS 27608, at **7-8 (citing same). Petitioner has not cited any legal authority or provision of the charter party authorizing an award of costs or attorney's fees. However,

> [p]ursuant to its inherent equitable powers, . . . a court may award attorney's fees when the opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons. As applied to suits for the confirmation and enforcement of arbitration awards, . . . when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.

Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir.1985) (citation omitted).

Here, Respondents failed to submit opposition papers to the Petition as directed by the Court. While their January 27, 2010 letter explains that they dispute the sufficiency of the notice provided to them at the initiation of the arbitration, Respondents subsequently failed to brief the issue or to submit any evidence in support of their claim. In contrast, Petitioner has submitted a solicitor's declaration demonstrating that the arbitration demand, notice of the nomination of Timothy Rayment as sole arbitrator, and Petitioner's claim submissions were all properly served on Respondents. (Yiacoumis Decl., Exs. 1-2, 4-7) In sum, Respondents have demonstrated no justification for refusing to abide by the Award, and Petitioner's request for attorney's fees and costs will be granted.

## CONCLUSION

The Petition to recognize, confirm and enforce the arbitration award in the amount of $1,631,833.82 plus interest is granted.  See Celsus Shipholding Corp. v. Pt. Pelayaran Kanaka Dwimitra Manunggal, 06 Civ. 13598 (DLC), 2008 U.S. Dist. LEXIS 12842, at **4-5 (S.D.N.Y. Feb. 21, 2008).  Petitioner is awarded attorney's fees and costs and is directed to submit a statement of such expenses to the Court within two weeks from the date of this order.  The Clerk of the Court is directed to enter judgment for the Petitioner.

Dated: New York, New York                SO ORDERED.
      July 12, 2010

                                                      *Paul G. Gardephe* (signature)
                                         Paul G. Gardephe
                                         United States District Judge